# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1155V
UNPUBLISHED

| | |
|---|---|
| BERNARD NEUWIRTH, as Executor of the Estate of ELLEN C. NEUWIRTH,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2021<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Steven Edwards Winslow, Jubelirer Pass & Intrieri, PC, Pittsburgh, PA, for petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On September 8, 2020, Bernard Neuwirth filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Ellen Neuwirth suffered a Table Injury – Guillain-Barré syndrome (GBS) – as a result of her September 10, 2019 influenza ("flu") vaccination which caused her death. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 11, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1. Specifically, Respondent indicates that

> [i]t is respondent's position that petitioner has satisfied the criteria set forth in the revised Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI), which afford petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after seasonal flu vaccination and there is no apparent alternative cause. 42 U.S.C. § 300aa-14(a)(XIV)(D), (c)(15).

*Id.* at 2.  Respondent further agrees that "the record establishes by preponderant evidence that GBS was the cause of decedent's death. Therefore, based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 2-3

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                          **s/Brian H. Corcoran**
                                          Brian H. Corcoran
                                          Chief Special Master