# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1155V
UNPUBLISHED

| | |
|---|---|
| BERNARD NEUWIRTH, as Executor of the Estate of ELLEN C. NEUWIRTH,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 26, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Steven Edwards Winslow*, Jubelirer Pass & Intrieri, PC, Pittsburgh, PA, for petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On September 8, 2020, Bernard Neuwirth filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Ellen C. Neuwirth suffered a Table Injury – Guillain-Barré syndrome (GBS) – as a result of her September 10, 2019 influenza ("flu") vaccination which caused her death. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 12, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a Table Injury – GBS – that resulted in decedent Ellen C. Neuwirth's death. On February 22, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $250,000.00. Proffer at

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $250,000.00 in the form of a check payable to Petitioner as Executor of the Estate of Ellen C. Neuwirth.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BERNARD NEUWIRTH, as Executor of the Estate of ELLEN C. NEUWIRTH,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 20-1155V<br>Chief Special Master Brian H. Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 12, 2021, the Court entered its "Ruling on Entitlement," finding petitioner entitled to compensation, consistent with the recommendation in respondent's February 11, 2021 Rule 4(c) Report. Specifically, under the Vaccine Injury Table, decedent Ellen C. Neuwirth suffered from Guillain-Barré syndrome that resulted in her death, presumptively as the result an influenza vaccination. Respondent now proffers that petitioner be awarded a lump sum of $250,000.00 for all damages available pursuant to 42 U.S.C. § 300aa-15(a).

Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the administrator/executor of the Estate of Ellen C. Neuwirth under the laws of the Commonwealth of Pennsylvania. Respondent's proffer is contingent on the following: No payments pursuant to this proffer shall be made until petitioner provides the Secretary with documentation establishing his appointment as administrator/executor of the Estate of Ellen C. Neuwirth. If petitioner is not authorized by a court of competent jurisdiction to serve as administrator/executor of the Estate of Ellen C. Neuwirth at the time the payment pursuant to this proffer is to be made, the payment shall be paid to the party or parties appointed

1

by a court of competent jurisdiction to serve as administrator/executor of the Estate of Ellen C. Neuwirth upon submission of written documentation of such appointment to the Secretary.

Petitioner has reviewed the foregoing and agrees with the proffered award of $250,000.00.[1]

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated: February 22, 2021

---

[1] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).