# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1155V
(not to be published)

| | |
|---|---|
| BERNARD NEUWIRTH, as Executor of the Estate of ELLEN C. NEUWIRTH,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Steven Edwards Winslow*, Jubelirer Pass & Intrieri, PC, Pittsburgh, PA, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 8, 2020, Bernard Neuwirth filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Ellen C. Neuwirth suffered a Table Injury – Guillain-Barré syndrome – as a result of her September 10, 2019 influenza vaccination which caused her death. (Petition at 1). On February 26, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 20).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 13, 2021 (ECF No. 24), requesting a total award of $13,864.41 (representing $12,433.50 in fees and $1,430.91 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 24-3). Respondent reacted to the motion on May 13, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 26). Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests I endorse the rate of $335 per hour for attorney Steven E. Winslow for all time billed between 2020 – 2021. (ECF No. 24-1 at 5). Mr. Winslow has been a licensed attorney since 2014, placing him in the range of attorneys with 4-7 years' experience.[3] (ECF No. 24-4 at 1). As this is Mr. Winslow's first case setting his hourly rate, however, a reduction is in order as he does not have demonstrated Vaccine Act experience. It is improper for him to receive rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates for Mr. Winslow's time on this matter to the following: $300 per hour for time billed in 2020, and $320 per hour for time billed in 2021. This reduces the amount to be awarded in fees by **$1,043.50**.[4]

Petitioner also requests fees for the paralegals who assisted Mr. Winslow based upon the rate of $160 per hour for all time billed. (ECF No 43 at 4). The requested rate exceeds the Vaccine Program's published range for paralegals in 2020.[5] I shall therefore reduce the requested rates to $145 per hour for time billed in 2020 and 2021. This reduced the fees to be awarded by the amount of **$57.00**.[6]

## ATTORNEY COSTS

Petitioner requests $1,430.91 in overall costs. (ECF No. 24-2). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as follows: ($335 - $300 = $35 x 25.7 hrs = $899.50) + ($335 - $320 = $15 x 9.6 hrs = $144) = $1,043.50.

[5] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[6] This amount consists of $160 -$145 = $15 x 3.8 hrs = $57.00.

3

reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$12,763.91** (representing $11,333.00 in fees and $1,430.91 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.